JUDGMENT: Reversed and remanded
{¶ 1} Petitioners-appellants Scott Jones and Teresa Jones appeal the January 31, 2006 Judgment Entry entered by the Perry County Court of Common Pleas, which granted summary judgment in favor of respondent-appellee Board of Perry County Commissioners ("the Commissioners").
 STATEMENT OF THE FACTS AND CASE {¶ 2} Sometime prior to November 19, 2004, the appellants filed a petition to vacate a portion of Thorn Township Road 404 in Perry County pursuant to R.C. Chapter 5553. The Commissioners met in regular session on November 10, 2004, and passed a resolution authorizing their clerk to set a time and place to advertise for "Public Road Petition, Vacating Road in Thornport, Thorn Township 404". The confirmation by the clerk indicates the resolution was not adopted until November 11, 2004. Nonetheless, on November 19, 2004, the clerk issued a letter to the Perry County Tribune, requesting a notice of public hearing, which was scheduled for December 2, 2004, be advertised on November 24, and December 1, 2004.
 {¶ 3} The public hearing proceeded as scheduled on December 2, 2004. Appellants were in attendance at the meeting. After a period of discussion, Commissioner Wood stated, "Gene [Dibari, Clerk of the Commissioner's Office] I'd like to move a motion [sic] to close, table the road closure so we can look into this a little further." Commissioner Altier seconded the motion. The Commissioners voted to conclude the public hearing. Thereafter, Commissioner Cooperrider thanked everyone for their attendance.
 {¶ 4} It appears the Thorn Township Trustees met on December 11, 2004, and discussed the petition. The Trustees unanimously voted against closing the Township Road. The Township clerk sent a copy of the December minutes to the Commissioners. On December 16, 2004, during its regular weekly meeting, the Commissioners voted to deny the petition to close Thorn Township Road 404 based upon the recommendations of the Thorn Township Trustees.
 {¶ 5} Appellants filed a Notice of Appeal pursuant to R.C. 5563.02 and R.C. Chapter 2506 with the Perry County Court of Common Pleas on January 21, 2005. After the record was transmitted, the Commissioners filed a Motion to Dismiss the appeal. Appellants filed a memorandum contra. Therein, appellants requested the trial court convert the motion to dismiss to a motion for summary judgment pursuant to Civ. R.12. Via Judgment Entry filed September 26, 2005, the trial court so converted the motion. The parties filed briefs in compliance with the trial court's order. The Commissioners argued appellants did not file a timely notice of appeal pursuant to R.C. 5563.02. Appellants countered the Commissioners failed to comply with R.C. 5553.29 by not setting a date certain for the reconvening of the hearing once the December 2, 2004 hearing was adjourned. Appellants submitted, without such notice, they had no knowledge of the date, time or place of the reconvened hearing; therefore, could not file a timely appeal. Via Judgment Entry filed January 31, 2006, the trial court granted summary judgment in favor of the Commissioners and dismissed appellants' appeal with prejudice.
 {¶ 6} It is from this judgment entry appellants appeal, raising as their sole assignment of error:
 {¶ 7} "I. THE TRIAL COURT ERRED BY GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
 STANDARD OF REVIEW {¶ 8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212.
 {¶ 9} Civ.R. 56(C) states, in pertinent part:
 {¶ 10} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 11} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing Dresher v. Burt (1996),75 Ohio St.3d 280, 662 N.E.2d 264.
 {¶ 12} It is based upon this standard we review appellants' assignment of error.
 I {¶ 13} In their sole assignment of error, appellants maintain the trial court erred in granting summary judgment in favor of the Commissioners. Specifically, appellants argue the Commissioners failed to follow the mandates of R.C. 5553.29.
 {¶ 14} R.C. 5553.29 provides:
 {¶ 15} "The board of county commissioners or the joint board of county commissioners may adjourn any hearings under sections 5553.01 to5553.27, inclusive, of the Revised Code, as the necessities of the case require. Such adjournment shall be taken to a day certain to be fixed by the board or joint board at the time of such adjournment. The proceedings of the joint board shall be certified to each of the counties interested in the proceedings."
 {¶ 16} The Commissioners submit they "had no reason to 'adjourn'" the December 2, 2005 hearing "because the public hearing was closed after all present had an opportunity to address the issue." Brief of Appellee at 5. The Commissioners conclude R.C. 5553.29 is not applicable. We disagree.
 {¶ 17} At the December 2, 2005 hearing, after appellants spoke regarding their reasons for desiring the road closure, and the Commissioners engaged in further discussion and questioning, Commissioner Thad Cooperider commented, "If that is an access to the Park, we won't close the road for sure. I can guarantee you that. If that is an access and we'll have to take into consideration what the [Thornton Township] Trustees want to do." Commissioner Lonnie Wood spoke, "I'd like to move a motion to close, table the road closure so we can look into this a little further." Commissioner John Altier seconded the motion.
 {¶ 18} The discussion of the Commissioners clearly indicates a decision on appellants' petition had not been reached. This fact is further supported by the remarks made by the Commissioners at the December 16, 2004 meeting. Commissioner Altier moved to "deny the request for road closure in Thorn Township, Township Road 404 as requested by Scott Teresa Jones, based on recommendation of Thorn Township Trustee's, [sic] meeting of December." The motion was seconded by Commissioner Wood. Commissioner Cooperider wanted it "noted in the minutes it was per unanimous decision by the Thorn Township Trustee's not being in favor of partial road closure." These statements and actions at the December 16, 2004 meeting indicate the December 2, 2004 meeting had been adjourned, not closed; therefore, the Commissioners were required to give appellants notice of the hearing on December 16, 2004, at the conclusion of the December 2, 2004 hearing. Because the Commissioners failed to follow the requirements of R.C. 5553.29, appellants were unable to comply with the appellate procedure set forth in R.C. 5563.02.
 {¶ 19} Appellants' sole assignment of error is sustained.
 {¶ 20} The judgment of the Perry County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this opinion and the law.
By: Hoffman, J.Gwin, P.J. and Edwards, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Perry County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with our opinion and the law. Costs assessed to appellee.
HON. WILLIAM B. HOFFMAN , HON. W. SCOTT GWIN, HON. JULIE A. EDWARDS.